### B. I. ARNOLD, ADMINISTRATOR, v. TOM PEOPLES.

. No. 1497.

**1. Fraudulent Conveyance.**
A transfer of property with intent to defraud creditors may be void though the grantor is solvent at the time.

**2. Same.**
See opinion for facts held to support conclusion that a grantor was insolvent and his transfer of property fraudulent and void.

**3. Pleading—Charge.**
Where plaintiff's petition alleged a note to have been given as accommodation paper and without consideration, a charge asked by him submitting a theory of the case based on the fact that the note was given for a debt honestly owed, was properly refused. Plaintiff was precluded by his pleading from asserting this theory.

**4. Fraud—Contract Based on, Not Enforceable.**
E. gave a note to P. for $1800, with trust deed of real property to secure it. P. afterwards gave E. his note for $1800, to offset the first, the transaction being to defraud creditors of E. The trustee sold the land to pay the first note, and P. purchased it and resold for $3000. In a suit by E.'s administrator to recover from P. the amount of his note to E. and the difference between the amount he realized from the land and that of E.'s note given to him, held, that the original note, with trust deed, being made to defraud E.'s creditors, the note given by P. to offset it would not be enforced by the courts.

**5. Charge—Evidence to Support.**
The refusal of a charge requested, estopping a party from insisting on fraud in a transaction which, in another suit between the same parties, he had alleged in his answer was without fraud, could not be held error where such former answer did not appear in the statement of facts.

ERROR from Milam. Tried below before Hon. JNO. N. HENDERSON.

*W. M. McGregor* and *Monta J. Moore*, for appellant.—1. Unless it is shown by the evidence that the said Eaton was insolvent and unable to pay his debts at the time he executed the deed of trust and note, then he will not be presumed insolvent, and his acts will not be presumed fraudulent without evidence tending to establish these facts.

2. The court erred in refusing to give the charge asked by appellant marked No. 1.

3. The court erred by not giving charge No. 2, asked by appellant.

4. The court erred in refusing to give the charge asked by plaintiff, and marked No. 3, which was in effect that said Peoples, the defendant, was estopped from denying that the note and deed of trust, of date Sep-

tember 21, 1886, executed by said Eaton, were legitimate and honest transactions.

5.  In said cause the interests of Peoples and Eaton were adversary. Peoples plead in his amended original answer that said note and deed of trust, of date September 21, 1886, were honest and legitimate transactions, and upon the trial of said cause obtained a judgment against the plaintiffs, Tillman and said Eaton, for the land described in said deed of trust, and for possession thereof.  He is therefore estopped and debarred from showing that they were fraudulent or tainted with fraud, and said charge asked, marked No. 3, should have been given.  Hatch v. De LaGarza, 22 Texas, 177; Foster v. Wells, 4 Texas, 101; Weatherford v. Hayes, 4 Texas, 387; Henderson v. Terry, 62 Texas, 284; Nichols v. Dalzell, 61 Texas, 541; Mims v. Turner, 24 S. W. Rep., 955; Vanfleet on Collateral Attack, 864; Dist. Township v. Indpt. Township, 69 Iowa, 88; 28 N. W. Rep., 449; Thrusdail v. McCormack, 28 S. W. Rep., 885; Robinson v. Boyd, 23 S. W. Rep., 72; Nelson v. Bivens, 28 N. W. Rep., 331; Hasty Heirs v. Berry, 1 S. W. Rep., 8; Kurtz v. Carr, 5 N. E. Rep., 692; Bradford v. Folsom, 3 Fed. Rep., 529; McGrady v. Monks, 20 S. W. Rep., 959; Freeman v. McAninch, 27 S. W. Rep., 97; Nave v. Adams, 17 S. W. Rep., 958.

6.  The court erred in charging as follows:  "There being no evidence of a readjustment and settlement between said Eaton and Thos. Peoples of their business, involving an estimated value of the property embraced in said deed of trust, by which it was agreed that the said Peoples was then indebted to Eaton in the sum of $1800 at the time of the execution of the note sued on, you are instructed to disregard plaintiff's plea setting up said transaction that said note was executed in consideration of the difference in the value of the property transferred by Eaton to Peoples."

·As to whether said note was executed in consideration of the difference in the value of the property transferred by Eaton to Peoples was a question of fact for the jury.   Castleman v. Story, 42 Texas, 59; Dwyer v. Bassett, 65 Texas, 275; Mays v. Tudor's Heirs, 74 Texas, 471; Schunior v. Russell, 83 Texas, 83; Biering v. Bank, 69 Texas, 599.

*W. T. Hefley* and *Henderson & Streetman*, for appellee.—1.  It is not essential that a debtor be insolvent to render fraudulent his conveyance of property made for the purpose of hindering, delaying and defrauding his creditors.   Rev. Stats., arts. 2465–2466; Le Gierse & Co. v. Whitehurst, 66 Texas, 244–246.

If a debtor conveys his property to a creditor, not for the bona fide purpose of paying the debt, but for the purpose of hindering, delaying and defrauding his creditors, such conveyance is in law fraudulent. Same authorities.

2.  Where the evidence does not fairly raise an issue, it is not error to refuse to submit a charge presenting such issue.

3.  The courts will not enforce a promise or executory contract based

upon an illegal consideration, and a note given for property conveyed for the purpose of hindering, delaying and defrauding creditors is based upon an illegal consideration. Davis v. Sittig, 65 Texas, 497; Seeligson v. Lewis & Williams, 65 Texas, 215; Cunningham v. Holcomb, 1 Texas Civ. App., 334; Campbell v. Jones, 2 Texas Civ. App., 263; Willis & Bro. v. Morris, 63 Texas, 458; Stephens v. Adair, 82 Texas, 214.

4.   In order to estop by the record on the ground that the matter at issue had been adjudicated, it is necessary that there should have been a dispute, on issue, in the trial of which the party claiming estoppel, and the party to be estopped, were adversaries.

5.   When, in the opinion of the court, the evidence offered by the party having the burden of proof is insufficient to sustain a finding by the jury in his favor, it is the duty of the court to charge against such party, on such issue.

KEY, ASSOCIATE JUSTICE.—The plaintiff, Arnold, administrator of the estate of Ed Eaton, sued the defendant, Peoples, and charged in his petition, that on the 21st day of September, 1886, said Eaton executed and delivered to Peoples, as accommodation paper, his promissory note for $1800, due and payable September 27, 1887; that at the same time Eaton executed a trust deed conveying a tract of land to secure said note, making one E. C. Ross, the trustee therein; that said Ross sold the land to satisfy said note, and Peoples became the purchaser thereof, and thereafter sold it for $3000; that at the time Eaton executed said note he did not owe Peoples anything, and that thereafter Peoples executed to Eaton a note, dated January 1, 1887, due October 1, 1887, for $1800, as an offset to the aforesaid note and mortgage executed by Eaton; and the plaintiff asked for judgment on the latter note, and for $1200, the excess for which Peoples had sold the land.

Among other things, the defendant pleaded that the note sued on was given as a consideration for the aforesaid note and deed of trust executed by Eaton; that Eaton was insolvent, and executed said note and trust deed and received the note sued on for the purpose of defrauding his creditors. In replication the plaintiff pleaded that the defendant was estopped, because in a former suit between one of Eaton's creditors, as plaintiff, and Eaton and Peoples, as defendants, Peoples had alleged in his answer that said transactions were in good faith and without fraud. A verdict and judgment were rendered for Peoples, and Arnold has appealed.

The third assignment of error if the only one presented in appellant's brief that complains of the verdict; and it asserts that the evidence fails to show that at the time Eaton executed the note and trust deed to Peoples, he was insolvent, "or financially involved in any material amount or sum."

It was not absolutely necessary that Eaton should be insolvent to render the transaction fraudulent. A solvent debtor may transfer his prop-

erty with intent to defraud creditors.  Rev. Stat. (1895), arts. 2544, 2545; LeGierse v. Whitehurst, 66 Texas, 245.

Tom Peoples, defendant, testified:  "That on the 21st day of September, 1886, when Ed Eaton gave the $1800 note, and deed of trust to W. C. Ross to secure the same, Eaton and Stirman were partners, and their financial condition was bad, they were indebted about $3500, and their creditors were pressing.  They were in business at McGregor, Texas, and about that time were closed out to Frieberg, Kline & Co.  I afterwards bought the stock from Frieberg, Kline & Co.  Eaton and Stirman also owed Hughes Brothers, also King and Fordtran, and Edel Brothers, and Eaton owed M. Terry.  These creditors were pressing for their claims."

In view of this testimony, and other facts tending to show that Eaton was unable to pay his debts, one of which was in the form of a judgment, in 1887, we cannot sustain the third assignment of error.

The plaintiff asked the following special charges, both of which were refused:  1.  "Gentlemen of the jury, you are charged by the court that if you believe from the evidence that the said Eaton made, executed and delivered to said Peoples his certain promissory note and deed of trust, of date September 21, 1886, in settlement of a debt honestly owed by said Eaton to said Peoples at that date, notwithstanding you may believe from the evidence that said Eaton's purpose was to prevent the property described in said deed of trust from being subjected to the claims of other creditors of said Eaton, and you believe from the evidence that the said Peoples made, executed and delivered to said Eaton his certain promissory note of January 1, 1887, the note sued on herein by plaintiff, you may find for the plaintiff."

2.  "Notwithstanding you may believe from the evidence that Edward Eaton made, executed and delivered to said Peoples his promissory note and deed of trust, dated September 21, 1886, for the purpose of hindering, delaying and defrauding creditors, yet if you believe from the evidence that on the first day of January, 1887, said Peoples made, executed and delivered to said Eaton his certain promissory note, the note sued on herein by plaintiff, and that the same was so made, executed and delivered by said Peoples as an honest and legitimate settlement between said Peoples and said Eaton, you will find for the plaintiff."

The plaintiff had alleged and thereby admitted in his petition that Eaton did not owe Peoples anything at the time the former executed the note and trust deed; and the note executed by Peoples shows on its face that it was given to offset the note executed by Eaton.  Therefore the plaintiff was precluded by his pleading from claiming that the note executed by Eaton was given in settlement of a debt owing by Eaton to Peoples.  Besides, there was no evidence tending to show the existence of such debt or settlement.  Therefore the court properly refused the first instruction.

If it was the purpose of the second charge quoted to tell the jury that,

although a debtor may convey his property for the purpose of defrauding his creditors, yet, if his vendee and accomplice afterwards executes a note or other executory contract promising to pay for the property so conveyed, that the courts will enforce such a contract, then it was properly refused, because such is not the law. Davis v. Sittig, 65 Texas, 498; Seligson v. Lewis, 65 Texas, 215. And if the intention was to instruct the jury that if the note sued on related to, and was given in settlement of, other matters disconnected from the note and trust deed executed by Eaton, then it would be legal and binding, it was properly refused, because the plaintiff, in his petition, linked the two transactions together, and there was no evidence tending to show that the note sued on was given in settlement of any other matter.

The refusal of the court to give the plaintiff's special charge upon the subject of estoppel is not shown to be reversible error.

The answer filed by the defendant in the other suit, and which answer it is alleged, estopped him from pleading fraud in this case, is not set out in the statement of facts, and therefore we cannot determine whether or not it would estop Peoples.

The court's charge has been examined in the light of the criticisms urged against it, and our conclusion is that the objections to it are untenable.

This disposes of all the questions presented in the briefs, and the judgment will be affirmed.

*Affirmed.*

Delivered March 18, 1896.